UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JIA ZENG and HAITAO ZENG,

|  |  |  |
|---|---|---|
| | Plaintiffs, | Index No.: |

-against-

**COMPLAINT**
COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
SEAN BURNS, Shield # 3964; POLICE OFFICER
WILLIAM S. RUSSELL, Shield # 3098; POLICE
OFFICER CHRISTOPHER MARCIANO; POLICE
DETECTIVE LINCOLN; POLICE SERGEANT
BURKE; POLICE LIEUTENANT ROONEY;
POLICE LIEUTENANT CLIFFORD J. OBRIEN;
POLICE LIEUTENANT NATHANIEL A.
ARMITT; and JOHN DOES-Police Officers as yet
unidentified; NASSAU COUNTY 5TH PRECINCT,
and PERSONS EMPLOYED BY THE COUNTY OF
NASSAU, NEW YORK,

JURY TRIAL DEMANDED

Defendants.
----------------------------------------------------------------x

### INTRODUCTION

Plaintiffs, JIA ZENG and HAITAO ZENG, by attorney, Lebedin Kofman LLP, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C.§§ 1983 and 1988 for violations of their civil rights, which are secured by these statues and the United States Constitution.

### JURISDICTION

2.      Plaintiffs bring this action under 42 U.S.C. § 1983, 1985, 1986, and 1988; and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3.      This Court has jurisdiction to hear all claims in this matter under 28 U.S.C. § 1331, 1343(a), and 1367(a); Federal Rule of Civil Procedure (hereinafter, "F.R.C.P.") 18(a); and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. 1391(b) because the causes of action arose in the County of Nassau, State of New York, which lies within the Eastern District of New York.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury on all issues in this matter under F.R.C.P. 38(b).

## TIMELINESS AND NOTICE OF CLAIM

6.      Plaintiffs filed a Notice of Claim (*see* Exhibit "A" annexed hereto) in accordance with General Municipal Law Section 50-e and 50-I on or about November 9, 2018.  The Notice of Claim set forth the name and address of Plaintiffs, his attorneys the nature of the claim, the time and place where it arose, and the items and amounts of damages claimed.

7.      At lease thirty (30) days has passed since service of the Notice of Claim, and payment of the claim has been either refused or neglected.

8.      A General Municipal Law Section 50-h hearing was held on or about January 16, 2019.

9.      This action is being commenced within one year of the dates of which all claims accrued.

10.      Plaintiffs have complied with all conditions precedent to maintain this action.

11.     All state causes of action pleaded herein fall within one or more of the exceptions set forth in New York Civil Practice Law & Rules Section 1602 with respect to joint and several liability.

## PARTIES

12.     Plaintiff JIA ZENG is a natural person and United States Citizen residing in the County of Nassau and State of New York during all relevant times of this action and is currently residing in the County of Nassau and State of New York.

13.     Plaintiff HAITAO ZENG is a natural person and Legal United States Resident residing in the County of Nassau and State of New York during all relevant times of this action and is currently residing in the County of Nassau and State of New York.

14.     At all relevant times, Defendant NASSAU COUNTY (hereinafter, "NA") was and is a municipal corporation incorporated and existing under the laws of the State of New York. Defendant NA is responsible for the policies, procedures, and practices implemented though its various agencies, agents, departments, and employees, and for injury occasioned thereby.

15.     Defendant NA operates Nassau County Police Department (hereinafter, "NCPD"), and as such is the public employer of Defendant Officers herein.

16.     Defendant POLICE OFFICER SEAN BURNS, Shield # 3964 (hereinafter, "P.O. Burns") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. P.O. Burns is sued in his official and individual capacity.

17.     Defendant POLICE OFFICER WILLIAMS S. RUSSELL, Shield # 3098 (hereinafter, "P.O. Russell") was a NCPD officer, and at all times relevant hereto, acted in that

capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. P.O. Russell is sued in his official and individual capacity.

18.     Defendant POLICE OFFICER CHRISTOPHER MARCIANO (hereinafter, "P.O. Marciano") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. P.O. Marciano is sued in his official and individual capacity.

19.     Defendant POLICE DETECTIVE LINCOLN (hereinafter, "Det. Lincoln") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. Det. Lincoln is sued in his official and individual capacity.

20.     Defendant POLICE SERGEANT BURKE (hereinafter, "Sgt. Burke") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. Sgt. Burke is sued in his official and individual capacity.

21.     Defendant POLICE LIEUTENANT ROONEY (hereinafter, "Lt. Rooney") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. Lt. Rooney is sued in his official and individual capacity.

22.     Defendant POLICE LIEUTENANT CLIFFORD J. OBRIEN (hereinafter, "Lt. Obrien") was a NCPD Lieutenant, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. Lt. Obrien is sued in his official and individual capacity.

23.     Defendant POLICE LIEUTENANT NATHANIEL A. ARMITT (hereinafter, "Lt. Armitt") was a NCPD officer, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant NA and within the scope of his employment. Lt. Armitt is sued in his official and individual capacity.

24.     Defendant JOHN DOES-Police Officers as yet unknown (hereinafter, "JOHN DOES-Police Officers as yet unidentified") were NCPD officers, and at all times relevant hereto, acted in that capacity as agents, servants and/or employees of Defendant NA and within the scope of their employment. JOHN DOES-Police Officers as yet unidentified are sued in their official and individual capacity.

25.     At all relevant times of this complaint Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant NA was responsible for making and enforcing the policies of NCPD and was acting under the color of law, to wit under the color of the statutes, ordinances, regulations, policies, customs and usages of NA.

## FACTS

26.     The facts alleged in this complaint are based upon the personal observations of Plaintiffs regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the arrest of Plaintiffs and public documents and information relating thereto which are presently available to Plaintiffs.  The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits; therefore, the complaint has been prepared without the benefit of full discovery.

## THE INCIDENT OF AUGUST 12, 2017

27.     Plaintiff JIA ZENG, twenty-six years of age, Veteran of the United States Airforce with no criminal record.

28.     Plaintiff HAITAO ZENG, fifty-two years of age, owner of a cleaning company with no criminal record.

29.     On April 24, 2017, pursuant to a Nassau County a pistol license investigation, Jia Zeng was required to surrender all of his rifles and shotguns to NCPD Pistol License Sections to be vouchered for safekeeping while his Nassau County pistol license was under suspension.

30.     While securing the surrendered rifles and shotguns, P.O. Russell and JOHN DOES-Police Officers as yet unidentified, falsely, maliciously, improperly and inaccurately reported that Plaintiff Jia Zeng placed a forward grip on one of the surrendered weapons making it an assault rifle under the New York Safe Act. That rifle was identified in the Complaint as a Black Rain Ordnance, Spec 15 NY (.223 caliber) rifle bearing serial number SP001304.

31.     On information and belief, an i-card was then improperly issued for the arrest of Plaintiff Jia Zeng.

32.     In actuality, this weapon did not have a forward grip and was not an assault rifle under New York State Law.

33.     On August 12, 2017, while attempting to locate Plaintiff Jia Zeng, P.O. Burns, Lt. Armitt, and JOHN DOES-Police Officers as yet unidentified, from the NCPD pulled over Plaintiff Haitao Zeng (Plaintiff Jia Zeng's father).

34.     Plaintiff was taken out of the car he was operating and placed under arrest by P.O. Burns and JOHN DOES-Police Officers as yet unidentified, without probable cause or a warrant for his arrest and in violation of his Constitutional rights.

35.     The car he was operating was searched without probable cause and without a search warrant and several legally owned rifles and shotguns were seized from the vehicle.

36.     Falsely, maliciously, improperly and inaccurately, P.O. Burns, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, asserted that Plaintiff was in possession of an assault rifle with a magazine that could be made detachable through reasonable means, a pistol grip and a threaded barrel causing Plaintiff to be charged with a felony under New York State Penal Law 265.02(7). That weapon was identified in the Complaint as a Czech Small Arms, SA VZ.58 Sporter (5.56x45 NATO/223 cal.) rifle bearing serial number 5600477.

37.     In fact, this weapon did not have a detachable magazine and was not an assault rifle under New York State Law and was owned by Plaintiff legally.

38.     Furthermore, falsely, maliciously, improperly and inaccurately, P.O. Burns, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified asserted that Plaintiff was in possession of a shotgun with a barrel that measures less than 18 inches causing Plaintiff to be charged with an A misdemeanor under New York State Penal Law 265.01(1). That weapon was identified in the Complaint as a Remington, MOE870 (12 GA 2 ¾' or 3') shotgun bearing serial number RF01647A.

39.     In fact, this weapon was not a shotgun under New York State Law and was owned by Plaintiff legally.

40.     Afterward, officers transferred Plaintiff to the 5th Precinct for processing where Plaintiff saw another officer, Defendant JOHN DOES-Police Officers as yet unidentified, who came to the precinct and broke the Czech Small Arms rifle's magazine to maliciously make it appear that this weapon had a detachable magazine and fit the definition of an assault rifle.

41.     Plaintiff was held in jail for over 24 hours, a $5,000 bail was placed on him and he was forced to spend $5,000 on an attorney.

42.     On August 8, 2018, the criminal charges against Plaintiff Haitao Zeng were dismissed.

43.     On August 12, 2017, Plaintiff Jia Zeng called 911 to report that he was concerned about his father, Plaintiff Haitao Zeng's whereabouts and well-being after he did not arrive at a scheduled meeting. 4th and 5th Precinct Officers, JOHN DOES-Police Officers as yet unidentified, responded to his home and unlawfully and without probable cause placed him under arrest. Plaintiff was then unlawfully charged with a violation of New York State Penal Law 265.02(7) by P.O. Russel, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified.

44.     Plaintiff was incarcerated for 25 hours and had to spend $5,000 on an attorney after his unlawful arrest.

45.     On August 8, 2018, the criminal charges against Plaintiff Jia Zeng were dismissed.

46.     Upon dismissal of the criminal charges against Plaintiff Haitao Zeng, all of his seized weapons were returned to him. He received the Czech Small Arms rifle back in an inoperable condition with the broken magazine and was forced to take it to be repaired and pay for the repairs.

47.     Upon dismissal of the criminal charges against Plaintiff Jia Zeng, all of his seized weapons were returned to him and the rifle identified in the complaint did not have the falsely alleged second handgrip.

48.     After Plaintiff Jia Zeng's arrest, his Nassau County Pistol License was revoked based upon his arrest. At this time, Plaintiff is still in the process of appealing his pistol license revocation.

49. At all times relevant to this action, Defendants acted intentionally, willfully, knowingly, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiffs.

50. The acts of Defendants prior to and during the course of the Arrest of Plaintiffs were the direct result of the failure of Defendant NA to properly hire, train, supervise, monitor, and discipline its officers, agents, employees and / or contractors.

51. The acts of Defendants prior to and during the course of the Arrest of Plaintiffs were the direct result of policies, practices, and customs developed, implemented, enforced, encouraged, sanctioned, or tolerated by Defendant NA.

52. Defendant's actions took place while working in their capacity as NCPD Police Officers in care of employment during their duties.

53. As a result of the aforesaid acts or omissions of Defendants, Plaintiffs sustained personal, physical and emotional injuries and losses including, pain and suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, professional and economic losses, and financial costs and expenses.

54. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## CAUSES OF ACTION

## STATE CLAIMS

AS AND FOR A FIRST CASUE OF ACTION
AGASINT ALL DEFENDANTS FOR
FALSE ARREST AND IMPRISONMENT

55.     The allegations set forth in paragraphs "1" through "54" inclusive are incorporated herein as if fully set forth.

56.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified intended to cause the wrongful and unlawful arrest and detention of Plaintiffs, and wrongfully and unlawfully imprisoned Plaintiffs.

57.     Defendants intended to restrain or to cause Plaintiffs to be restrained and to be deprived of their liberty, and caused them to be taken into police custody, and charged with crimes they did not commit.

58.     Defendants knew, or should have known, that the conduct engaged in would result in the wrongful and unlawful arrest and imprisonment of Plaintiffs.

59.     Plaintiffs were aware of such confinement by Defendants and did not consent to said confinement.

60.     The aforementioned confinement was not privileged in any way and was without legal justification.

61.     Plaintiffs were thereafter caused to be incarcerated or approximately twenty-four (24) hours.

62.     Defendants NA and NCPD are responsible and liable for the acts of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified done within the scope of their employment under the doctrine of *respondeat superior*.

63.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiffs were caused to suffer great pain and mental anguish, psychological and emotional suffering, great

humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

64.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiffs for punitive damages.

AS AND FOR A SECOND CAUSE OF ACTION<br>
AGAINST ALL DEFENDANTS FOR<br>
FOR ASSAULT AND BATTERY

65.     The allegations set forth in paragraphs "1" through "64" inclusive are incorporated herein as if fully set forth.

66.     The threat of physical force in restraining Plaintiffs without necessity or justification during the arrest constituted an assault of Plaintiffs.

67.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, acting within the scope of their employment, intended to make or intended to threaten to make offensive bodily contact with Plaintiffs.

68.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, or should have known, that the offensive bodily contact or threat of offensive bodily contact would constitute an assault of Plaintiffs.

69.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, or should

have known, that the offensive bodily contact or threat of offensive bodily contact would constitute a battery of Plaintiffs.

70.     Plaintiffs were aware of the offensive bodily contact and Plaintiffs did not consent or acquiesce to it.

71.     Defendants NA and NCPD are responsible and liable for the acts of P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, done within the scope of their employment under the doctrine of *respondeat superior*.

72.     As a direct and proximate cause of the assault and battery, Plaintiffs was caused to suffer great pain and mental anguish, psychological and emotional suffering, humiliation, embarrassment and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

73.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiffs for punitive damages.

AS AND FOR A THIRD CAUSE OF ACTION<br>
AGAINST ALL DEFENDANTS FOR<br>
NEGLIGENT / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74.     The allegations set forth in paragraphs "1" through "73" inclusive are incorporated herein as if fully set forth.

75.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, engaged in extreme and outrageous conduct throughout the course of the Arrest of Plaintiffs.

76.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, caused Plaintiffs to fear for his safety during the course of the aforesaid extreme and outrageous conduct.

77.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified knew, or should have known, that the extreme and outrageous conduct engaged in would result in injury to Plaintiffs.

78.     Said extreme and outrageous conduct exceeded all bounds usually tolerated by a decent society.

79.     The aforesaid extreme and outrageous conduct was performed with the intent to cause, or disregard of a substantial probability of causing severe emotional distress to Plaintiffs.

80.     Such extreme and outrageous conduct caused Plaintiffs to suffer severe and debilitating mental anguish and emotional distress which had a disabling effect on Plaintiffs.

81.     Defendants NA and NCPD are responsible for and liable for the acts of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified done within the scope of their employment through the doctrine of *respondeat superior*.

82.     As a direct and proximate cause of Defendants' intentional infliction of emotional distress of Plaintiffs, Plaintiffs were caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

83.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiffs for punitive damages.

AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST ALL DEFENDANTS FOR
NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

84.     The allegations set forth in paragraphs "1" through "83" inclusive are incorporated herein as if fully set forth.

85.     That Defendants NA and NCPD failed to exercise reasonable care in hiring, training, retaining, and supervising Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified; thereby, breaching its duty to Plaintiffs as well as to the public, to exercise reasonable care in their hiring, training, retaining, and supervising employees.

86.     That Defendants NA and NCPD were aware of and should have known of the propensity of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified to commit injurious acts.

87.     That Defendants NA and NCPD were negligent in failing to properly train and supervise its employees, more specifically Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified.

88.     Defendants NA and NCPD are responsible and liable for the acts of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt.

Armitt and JOHN DOES-Police Officers as yet unidentified done within the scope of their employment under the doctrine of *respondeat superior*.

89.     As a result of Defendants' actions, Plaintiffs were caused to suffer significant, severe, painful and permanent personal injuries, psychological and emotional suffering, humiliation, embarrassment and fear, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

90.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiffs for punitive damages.

AS AND FOR A SIXTH CAUSE OF ACTION
AGASINT ALL DEFENDANTS FOR
NEGLIGENCE / GROSS NEGLIGENCE

91.     The allegations set forth in paragraphs "1" through "90" inclusive are incorporated herein as if fully set forth.

92.     Defendants' acts and / or omissions in causing the aforesaid false arrest and imprisonment, assault and battery, malicious prosecution of Plaintiffs, and negligent hiring, retention, training, and supervision of its employees, officers, agents, and / or contractors, and negligence infliction of emotion distress were in breach of the duty of due care owed to Plaintiffs.

93.     Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified acted negligently and in disregard for the procedures and safeguards, which are the standard for the arrest of a citizen, in arresting Plaintiffs in the absence of reasonable suspicion or probable cause. Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt.

Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified further breached their duty of care to investigate before affecting the seizure of a citizen and in their continued prosecution of Plaintiffs.

94.     That Defendants NA and NCPD are responsible and liable for the acts of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified done within the scope of their employment under the doctrine of *respondeat superior*.

95.     As a direct and proximate cause of Defendants' negligence, Plaintiffs were caused to suffer significant, severe, painful and permanent personal injuries, psychological and emotional suffering, humiliation, embarrassment and fear, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

96.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiffs for punitive damages.

## **FEDERAL CLAIMS**

AS AND FOR A SEVENTH CAUSE OF ACTION
AGAINST DEFENDANT CITY FOR
VIOLATION OF PLAINTIFFS'S STATUTORYAND CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. § 1983 (FALSE ARREST)

97.     Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "96" above with the same force and effect as if herein set forth.

98.     At all times relevant herein the conduct of the Defendants were subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.

99.     The detention and arrest of Plaintiffs without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, and Lt. Armitt with a deliberate indifference to Plaintiffs' rights and privileges. The seizure and deprivation of Plaintiffs' liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

100.    Acting under the color of law, Defendants achieved a denial of Plaintiffs' rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a.      By depriving Plaintiffs of their liberty without due process of law, by taking Plaintiffs into custody and holding them there against Plaintiffs' will.

    b.      By making an unreasonable search and seizure of Plaintiffs' property without due process of law.

    c.      By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiffs equal protection of laws.

    d.      By refusing or neglecting to prevent such deprivations and denials to Plaintiffs thereby depriving Plaintiffs of the rights, privileges, and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

101.    Defendant NA and NCPD negligently trained Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified.

102.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

AS AND FOR AN EIGTH CAUSE OF ACTION
AGAINST DEFENDANT AND CITY FOR
VIOLATION OF PLAINTIFFS'S STATUTORY AND CONSITUTIONAL RIGHTS
UNDER 42 U.S.C. § 1983 (DETENTION AND CONFINEMENT)

103.    Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "102" above with the same force and effect as if herein set forth.

104.    As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiffs, Defendants deprived Plaintiffs of their right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

105.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

AS FOR A NINTH CAUSE OF ACTION
AGAINST DEFENDANT CITY FOR
VIOLATION OF PLAINTIFFS'S SATUTORY AND CONSTITUTIONAL RIGHTS
UNDER U.S.C. § 1983 (EXCESSIVE FORCE)

106.    Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "105" above with the same force and effect as if herein set forth.

107.    That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

108.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrest.

109.    That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizure when they used excessive force against them.

110.    That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

111.    That Plaintiffs did not actively resist arrest or attempt to evade arrest.

112.    The Defendant NA, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating his arrest.

113.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

114.    That by reason of Defendants' acts and omissions, acting under color of law and within the scope of Defendants' authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating his arrest, in violation of Plaintiffs' rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

115.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

116.    That upon information and belief, in 2017, Defendants and NA had a policy or routine practice of using excessive force when effectuating arrests.

117.    That upon information and belief, it was the policy and/or custom of Defendant NA to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

118.    That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant NA, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

119.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NA to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

120.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All said injuries may be permanent.

AS FOR A TENTH CAUSE OF ACTION<br>
AGAINST DEFENDANT CITY FOR<br>
VIOLATION OF PLAINTIFFS'S STATUTRY AND CONSTITUTIONAL RIGHTS<br>
UNDER 42 U.S.C. § 1983 (DETENTION AND CONFINEMENT)

121.    Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "120" above with the same force and effect as if herein set forth.

122.    As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiffs, Defendants deprived Plaintiffs of their right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was

impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

123. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

AS AND FOR AN ELEVENTH CAUSE OF ACTION
AGAINST DEFENDANT CITY FOR
VIOLATION OF PLAINTIFFS'S STATUTORY AND CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. § 1983 (REFUSING OR NEGLECTING TO PREVENT)

124. Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "123" above with the same force and effect as if herein set forth.

125. At all times relevant to the complaint, P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified as police officers were acting under the direction and control of Defendant NA and NCPD.

126. Acting under the color of law and pursuant to official policy P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified, Defendant NA and NCPD knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant's police officers in their duties to refrain from:

  a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

b.      Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

c.      Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and the laws of the United States and the laws of the State of New York;

d.      Otherwise depriving Plaintiffs of their constitutional and statutory rights, privileges and immunities.

127.    Defendant NA and NCPD had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant NA and NCPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

128.    Defendant NA and the NCPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

129.    As a direct and proximate cause of the negligent and intentional acts of Defendant NA and the NCPD as set forth in paragraphs 1 to 132 above, Plaintiffs suffered physical and psychological injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

130.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

AS AND FOR A TWELFTH CAUSE OF ACTION
AGAINST DEFENDANT CITY FOR
VIOLATION OF PLAINTIFFS'S STATUTORY AND CONSITUTIONAL RIGHTS
UNDER 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)

131.    Plaintiffs repeats and re-alleges and incorporates by reference the allegations in paragraphs "1" through "130" above with the same force and effect as if herein set forth.

132.    That Defendants with malicious intent, arrested Plaintiffs and initiated criminal proceedings despite the knowledge that Plaintiffs had committed no crime.

133.    That all charges against Plaintiffs have been dismissed.

134.    That there was no probable cause for the arrests and criminal proceedings. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them and subjected them to unlawful, illegal and excessive detentions, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

135.    That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiffs were maliciously prosecuted despite the fact that they had committed no violation of the law.

136.    That upon information and belief was the policy and/or custom of Defendant NA to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and

employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

137.    That as a result of the above described policies and customs, Defendant NA, its staff, agents and employees of Defendant NA believes that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

138.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NA to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

139.    That in so acting, Defendant NA abused its power and authority as policymaker of the NCPD under the color of State and/or local law.

140.    That upon information and belief, in 2017, Defendant NA and NCPD had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

141.    That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

AS AND FOR A THIRTEENTH CAUSE OF ACTION
AGAINST DEFENDANT CITY FOR
MUNICIPAL LIABILITY "MONELL" CLAIM

142.    The allegations set forth in paragraphs "1" through "141" inclusive are incorporated herein as if fully set forth.

143.    Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified individually and collectively, within the scope of their employment and authority and under color of State Law, engaged in conduct which constituted customs, policies, procedures, rules, or usages of the NA and which were in violation of the rights, privileges, and immunities of Plaintiffs, a citizen and legal resident of the United States and resident of the State of New York, as secured by the United States Constitution.

144.    The aforesaid customs, policies, procedures, rules, or usages included but were not limited to: failure to properly investigate before effecting an arrest; utilizing unnecessary excessive force, failure to ensure that use of force by police officers is properly reported and investigated; failure to prevent and intervene foreseeable harm; failure to appropriately discipline police officers who utilize unnecessary and excessive force, as well as those who supervise such officers; failure to implement measures to ensure that officers are appropriately supervised by qualified and well-trained staff; and failure to intervene when employees, officers, agents, and / or contractors violate well-established statutory and constitutional rights.

145.    The aforesaid unlawful policies and practices in tolerating such misconduct resulted in the subject Arrest rendering Defendant NA liable to Plaintiffs pursuant to <u>Monell v. City of New York</u>, 436 U.S. 658 /91978), and under 42 U.S.C. §1983.

146.    The aforesaid conduct was consistent with the institutionalized practices of NCPD which were known and previously sanctioned by Defendant NA.

147.    Despite knowledge of the institutionalized practices of the NCPD, Defendant NA took no effective actions to end or prevent such practices.

148.    Defendant NA had prior notice of the injurious actions and practices of Defendants P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified but took no effective actions to end or prevent the aforesaid Defendants from committing such practices.

149.    Defendant NA had prior notice that P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified had inadequate training regarding the applicable provisions of the Penal Law of the State of New York, and Departmental policy, other applicable laws and federal and state statutory and constitutional protections, but took no effective actions to ensure that he aforesaid Defendants were provided with adequate or appropriate training.

150.    Defendant NA authorized, tolerated, and ratified the misconduct of employees, officers, agents, and / or contractors, and of P.O. Burns, P.O. Russell, P.O. Marciano, Det. Lincoln, Sgt. Burke, Lt. Rooney, Lt. Obrien, Lt. Armitt and JOHN DOES-Police Officers as yet unidentified specifically, by failing to: discipline employees, officers and agents; take adequate precautions in screening, hiring, educating, informing, training, supervising, promoting, and retaining employees, officers, agents; and failing to establish and maintain a meaningful system for responding to complaint of misconduct, all of which constitute deliberate indifference by Defendant NA to Plaintiffs' rights secured by the United States Constitution, and deliberate indifference to the physical safety and well-being of Plaintiffs.

151.    As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiffs was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

152.    The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendant NA liable to Plaintiffs for punitive damages.

153.    The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiffs for punitive damages and for Plaintiffs' attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs demands judgment against Defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, POLICE OFFICER SEAN BURNS, Shield # 3964; POLICE OFFICER WILLIAM S. RUSSELL, Shield # 3098; POLICE OFFICER CHRISTOPHER MARCIANO; POLICE DETECTIVE LINCOLN; POLICE SERGEANT BRUKE; POLICE LIEUTENANT ROONEY; POLICE LIEUTENANT CLIFFORD J. OBRIEN; POLICE LIEUTENANT NATHANIEL A. ARMITT; and JOHN DOES-Police Officers as yet unidentified; NASSAU COUNTY5[TH] PRECINCT, and PERSONS EMPLOYED BY THE COUNTY OF NASSAU, NEW YORK, jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgement against each as said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus cost of the action, including attorney's fees, and such other relief deemed to be just and equitable. Actual, general, special and compensatory damages for Plaintiffs.

**PLAINTIFFS DEMAND TRIAL BY JURY**

**[This Space Is Intentionally Left Blank]**

Dated: New York, New York
November 6, 2019

_____
Russ Kofman, Esq.
LEBEDIN KOFMAN, LLP
Attorneys for Plaintiffs
JIA ZENG and HAITAO ZENG
26 Broadway, 27th Floor
New York, New York 10004